IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIA DELAPAZ ELUGERA SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-20-100-SM |

## MEMORANDUM OPINION AND ORDER

Maria Delapaz Elugera Scott (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 11, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the ALJ's residual functional capacity assessment[1] (RFC) failed to include limitations from the state agency consultants' persuasive opinion. Doc. 16, at 1. After a careful review of the

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

record (AR), the parties' briefs, and the relevant authority, the Court reverses and remands the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

#### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 12-24; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since August 24, 2017, the application date;

(2) had the following severe medically determinable impairments: morbid obesity with associated shortness of breath; asthma; depression; PTSD; and anxiety;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the physical residual functional capacity to perform light work, limited to SVP level II or less as defined in the DOT; limited to reasoning, language, and math levels of 2 or less; and noting she can interact appropriately with supervisors and co-workers, but that she should have only occasional interaction with the public; she must also avoid concentrated exposures to dusts, fumes, odors, and gases;

(5) could perform her past relevant work as a housekeeper/laundry aid;

    (6)    could also perform jobs that exist in significant numbers in the national economy such as price marker; housekeeper; and powerscrewdriver operator; and thus

    (7)    had not been under a disability from August 24, 2017.

*See* AR 12-24.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the

record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

**B.     Issue for judicial review.**

Plaintiff first maintains the ALJ's RFC assessment neglected to include certain nonexertional limitations based on the state agency consultants' persuasive opinions that Plaintiff was limited in (1) her interactions with coworkers and (2) her ability to handle changes in the workplace. Doc. 16, at 6. And Plaintiff argues, the ALJ failed to explain why he did not include these limitations. *Id.* at 7.

**1.     The ALJ's findings.**

With respect to the state agency consultants' opinions, the ALJ found:

> The State agency physicians who review[ed] the medical evidence concluded that the claimant retained the ability to understand, remember, and carry out simple instructions with routine supervision; *relate to supervisors and a limited number of coworkers on a superficial basis; and adapt to a work environment that is generally stable and in which changes are in[troduced] gradually and with adequate demonstration. She was unable to effectively relate to the general public* and required environmental restrictions . . . . These opinions are found persuasive as base[d] []on review of the medical record, the claimant's own testimony and the consultant's experience and qualifications. Accordingly[,] *the RFC herein is consistent with these opinions*.

AR 20-21 (emphasis added); *see id.* at 91.

As noted above, the ALJ's RFC assessment stated Plaintiff could perform light work, limited to SVP level II or less as defined in the DOT; limited to reasoning, language, and math levels of 2 or less (as defined in the DOT's Appendix C); and noting she can interact appropriately with supervisor[s] and co-workers, but that she should have only occasional interaction with the public; and she must also avoid concentrated exposures to dusts, fumes, odors, and gases. *Id.* at 16.

### 2. The RFC assessment's incorporation of the interaction with others and coworkers.

An ALJ must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Commissioner states "[T]he ALJ did not adopt the more restrictive limitations [of the State agency physicians] to avoidance of more than superficial interaction with supervisors and peers and any interaction with the general public, instead finding a limitation to occasional public interaction." Doc. 20, at 9-10. And, the Commissioner argues, "contrary to Plaintiff's suggestion otherwise, the ALJ gave good reasons for not doing so." *Id.* at 10 (citation omitted). But the reasons the Commissioner points to (where the ALJ mentioned favorable mental function findings and reports Plaintiff gets along with others without difficulty), while in his decision, are not part of his findings

as to the State agency physicians' opinions. *Id.* at 10 (citing AR 22). That finding, as quoted above, states the RFC assessment is consistent with those very opinions, which it is not.

The Commissioner also argues that the ALJ's limitation to unskilled work addresses any inconsistencies. Doc. 20, at 12-13. Unskilled work ordinarily involves dealing primarily with objects rather than with data or people and requires only short and simple instructions. *See id.* (citing 20 C.F.R. § 416.968(a) (2019); SSR 85-15, 1985 WL 56857, at *4; Program Operations Manual System § DI 25020.010(B)(3), 2001 WL 1933437). But this Court cannot rely on explanations the ALJ did not provide. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."). But the Court can determine that the ALJ's error was harmless.

Here, the jobs the ALJ identified do not require contact with the general public. First, the Dictionary of Occupational Titles ("DICOT") worker functions for both Plaintiff's past relevant work (DICOT § 302.685-010, housekeeper/laundry aid) and the three identified jobs at step five indicate that dealing with people is not significant. *See* DICOT § 209.587-034, § 323.687-

7

014, § 699.685-026 (indicating that each of these positions involve taking instructions or helping people, but "Not Significant[ly], and that talking is "Not Present"). Similarly, the DICOT job descriptions for each of the identified jobs do not mention any contact with the general public. *Id.* Lastly, all of these jobs are unskilled, indicating that they involve working with objects or things, not people. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.00(g) ("[T]he primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people."); SSR 85-15, 1985 WL 56857, at *4 (1985) (stating that unskilled jobs "ordinarily involve dealing primarily with objects, rather than with data or people"); *Nelson v. Colvin*, 655 Fed. Appx. 626, 629 (10th Cir. 2006) ("Even though [the state agency psychologist] noted marked limitations in [the claimant's] ability to . . . interact appropriately with the public, unskilled work does not require these abilities[.]"). With no indication in the DICOT that the worker in these positions must have contact with the general public, the jobs are consistent with the state agency psychologists' determinations that the claimant could not relate to the general public and the Court finds this error harmless.

### 3. The RFC assessment did not incorporate any refinements to account for Plaintiff's ability to handle changes in a work environment.

The ALJ's RFC assessment included no imitation in Plaintiff's ability to handle changes in a work setting. The state agency psychologists opined that any workplace must be one "in which changes are in[troduced] gradually and with adequate demonstration." AR 20-21, 91. "There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (citing *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (recognizing that restrictions to unskilled jobs do not in all instances account for the effects of mental impairments)).

As Plaintiff points out, the RFC's limitation to unskilled work here includes neither the recommended limitation nor any other limitation that might attempt to incorporate a limitation in Plaintiff's ability to respond to changes in the workplace. Doc. 16, at 10-11; SSR 85-15, 1985 WL 56857, at *4 ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."); *see also Harrold v. Berryhill*, 714 F. App'x 861, 870 (10th Cir.

9

2017) (holding no harmless error and remanding where the ALJ's RFC assessment limited plaintiff to unskilled simple work, but failed to include or acknowledge "[t]he agency psychologists' opinion that plaintiff's ability to 'understand[ ] and carry[ ] out instructions and assignments' was limited to 'a structured setting'"). As in *Harrold*, the state agency psychologists' opinions "also raise[] questions about [Plaintiff's] ability to work in a standard workplace, questions that were not acknowledged or addressed by the ALJ." *Id.* Plaintiff correctly states that the RFC assessment's limitations to unskilled jobs at SVP 2 or less relate to one's ability to learn the job not the way changes are introduced. Doc. 16, at 11; *see Burton v. Colvin*, No. CIV-15-1039-CG, 2017 WL 3981148, at *8 (W.D. Okla. Sept. 11, 2017) (reversing where RFC "contained no refinement of unskilled simple work" that would account for plaintiff's problems with adaptation) (citing *Gonzales v. Colvin*, 213 F. Supp. 3d 1326, 1331-32 (D. Colo. 2016) (declining to read the ALJ's limiting of the claimant to unskilled work as an attempt to incorporate a moderate limitation in ability to respond appropriately to changes in the work setting because "an inability to adapt to changes in the workplace is inconsistent with the most fundamental demands of unskilled jobs"). The Court cannot find this error harmless.

## III. Conclusion.

Based on the above, the Court reverses the Commissioner's decision and remands the cases for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**ENTERED** this 2nd day of September, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE